**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff,

                            Case No. 04-CV-72741-DT

v.

                            HONORABLE DENISE PAGE HOOD

BLUE CARE NETWORK OF
MICHIGAN,

      Defendant.

_____/

**MEMORANDUM OPINION AND ORDER**

**I.      BACKGROUND/FACTS**

On June 8, 2004, Plaintiff State Farm Mutual Automobile Insurance Company filed the

instant suit against Defendant Blue Care Network of Michigan before the Wayne County Circuit

Court, State of Michigan.  Defendant was served with the Complaint and Summons on June 23,

2004.  On July 21, 2004, this matter was removed to this Court by Defendant based on a federal

question under 28 U.S.C. § 1331, claiming that the Employee Retirement Income Security Act of

1974 (ERISA), 29 U.S.C. § 1001 *et seq.,* preempts the state law counts alleged in Plaintiff's

Complaint.

Plaintiff alleges three state law counts in the Complaint: Subrogation (Count I); Breach of

Contract (Count II); and Misrepresentation (Count III).  The underlying insured, Fred Owen, was

involved in an automobile accident on September 2, 1993.  Plaintiff is Mr. Owen's automobile

insurance carrier.  Plaintiff sought subrogation from Mr. Owen's medical health insurer, Defendant

in this case.  Mr. Owen's medical insurance coverage was provided by his employer.  The

reimbursement sought by Plaintiff is for services Mr. Owen received in 2002.  Defendant denied Plaintiff's reimbursement request.  Plaintiff thereafter filed the instant lawsuit.

At the scheduling conference held by the Court, Plaintiff indicated an intent to file a Motion to Remand.  No such motion was filed.  Instead, Defendant filed a Motion to Deny Remand.  In addition, Defendant seeks affirmance of its decision denying the reimbursement sought by Plaintiff. In its response, Plaintiff requests that the Court remand the matter.  Defendant filed a reply.

The Court held a hearing on the matter.  At oral argument, Plaintiff requested an opportunity to amend its Complaint to add an indemnity claim.  Plaintiff was allowed to amend his Complaint to add an indemnity claim.  The Court allowed the parties to file supplemental briefs.  Supplemental briefs were thereafter filed by the parties.

## II.   ANALYSIS

Even though Plaintiff has not filed a separate Motion for Remand, his response to Defendant's Motion to Deny Remand requests remand.  Because the Court's subject matter jurisdiction is at issue, the Court must address whether the removal was proper.

The ERISA preemption provision provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ..."  29 U.S.C. § 1144(a).  Section 1132 is the civil enforcement provision:  "A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  The Sixth Circuit has held:

> [Section 1144] allows ERISA to preempt state laws when they "relate to" matters governed by ERISA but does not create a federal cause of action for matters which only "relate to" ERISA's field of concern. Thus[,] § 1144 preemption does not create a federal cause of action

2

> itself, and cannot convert a state cause of action into a federal cause
> of action under the well-pleaded complaint rule.
>
>                                          *   *   *
>
> A state cause of action not covered by § 1132(a)(1)B) may still be
> subject to a preemption claim under § 1144(a) ... because the state
> law at issue may "relate to" a pension or employee benefit plan.

*Warner v. Ford Motor Co.*, 46 F.3d 531, 534-535 (6th Cir. 1995)(en banc).  A suit by a participant

or beneficiary to recover benefits under an ERISA covered plan falls directly under ERISA's civil

enforcement provisions, 29 U.S.C. § 1332(a)(1)(B).  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46

(1987).  It is not the label placed on a state law claim that determines whether it is preempted, but

whether in essence such a claim is for the recovery of an ERISA plan benefit.  *Cromwell v. Equicor-*

*Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991); *Zuniga v. Blue Cross and Blue Shield*

*of Michigan*, 52 F.3d 1395, 1401 (6th Cir. 1995).

       The Supreme Court has held that common law claims for breach of contract, fraud, bad faith

and breach of fiduciary duties based on alleged improper processing of claims under an ERISA plan

are preempted.  *Pilot Life*, 481 U.S. at 48.  The Sixth Circuit has also held that state law claims

including breach of contract, insurance bad faith, misrepresentation, conversion, negligence,

wrongful death, violations of the Consumer Protection Act, wrongful discharge, discrimination, and

retaliation for claiming or attempting to claim a right to receive ERISA benefits are preempted by

ERISA.  *See Smith v. Provident Bank,* 170 F.3d 609, 613-617 (6th Cir. 1999)(ERISA preempts

common law claims for breach of contract, bad faith, misrepresentation, conversion, and negligence

claims if they relate to employee benefit plan); *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941-

43 (6th Cir. 1995)(ERISA preempts claims for wrongful death, breach of contract, and insurance bad

faith because the claims related to an ERISA plan); *Schachner v. Blue Cross and Blue Shield of*

3

*Ohio,* 77 F.3d 889, 896-98 (6th Cir. 1996)(ERISA preempts state common law tort claim for an insurer's bad faith breach of obligation to pay); *Cox v. Blue Cross and Blue Shield of Michigan,* 869 F.Supp. 501, 504-505 (E.D. Mich. 1994)(ERISA preempts breach of contract and Consumer Protection Act claims where the suit is essentially one to recover benefits from an ERISA plan); and *Graf v. Daimler Chrysler Corp.,* 190 F.Supp.2d 1002, 1008 (E.D. Mich. 2002)(ERISA preempts "state law cause of action which purports to set forth a claim that a person has been discharged, discriminated against, retaliated against, harmed, etc. for claiming or attempting to claim his/her right to receive (or continue to receive) ERISA benefits.")

A review of Plaintiff's three-count Complaint reveals that all counts are essentially state law claims seeking benefits under an employee benefit plan. Plaintiff's Count I, Subrogation, seeks reimbursement of the benefits from Defendant paid by Plaintiff to Mr. Owens. Count II, the Breach of Contract claim alleges that Defendant entered into a contract with Mr. Owens to provide medical benefits in 1993 and that Defendant failed to provide the benefits. Count III, the Misrepresentation claim alleges that Defendant made false representations to Plaintiff that Defendant would reimburse Plaintiff for the benefits Plaintiff paid on behalf of Defendant.

However, a closer look at Count I of the Complaint shows that Plaintiff seeks subrogation from Defendant under the Michigan No-Fault Act, M.C.L. 500.3109a. (Complaint, ¶¶ 10-17) The Supreme Court and the Sixth Circuit have held that certain state statutes may not be preempted by ERISA if the statute "regulates" insurance. *See Amer. Med. Sec., Inc. v. Auto Club Ins. Assoc. of Mich.,* 238 F.3d 743, 754 (6th Cir. 2001).[1] The Sixth Circuit has found that the Michigan No-Fault Act, M.C.L. 500.3109a "regulates" insurance for purposes of the savings clause under ERISA, 29

---

[1] Neither party cited this case in any of their briefs.

4

U.S.C. § 1144(b)(2)(A). *Id.* at 753-54. The Sixth Circuit has further held that M.C.L. 500.3109a is *not* preempted by ERISA, where the plan at issue is *not* a self-funded ERISA plan. *Id.* at 754. In this case, the plan at issue, administered by Defendant, is an employer sponsored "underwritten" benefit plan. (Defendant's Motion, p. 1; Defendant's Br., p. 2; Notice of Removal, ¶ 4). The plan at issue is not a self-funded plan. Because ERISA does not preempt M.C.L. 500.3109a with regards to the plan at issue, the removal was improper. Defendant cannot claim an ERISA preemption claim as a defense. The Court has no federal question subject matter jurisdiction over the Complaint. This matter must be remanded back to the state court.

## III.   CONCLUSION

The Court, having found that ERISA does not preempt M.C.L. 500.3109a in this case,

IT IS ORDERED that Defendant's Motion to Deny Remand is DENIED and the Motion to Affirm the Plan Administrator's Decision to Deny Plaintiff's Claim is DENIED without prejudice **(Docket No. 8, filed November 15, 2004)**.

IT IS FURTHER ORDERED that this action is REMANDED to the Wayne County Circuit Court, State of Michigan.

IT IS FURTHER ORDERED that the Clerk of Court process the necessary paperwork to effectuate the remand forthwith.

                                          __/s/ DENISE PAGE HOOD_____
                                          DENISE PAGE HOOD
                                          United States District Judge

DATED: August 31, 2005